*Eastern District,*
*May 1831.*

PRITCHARD
ET AL.
*vs.*
LA. S. BANK.

---

*RUSSELL ET AL. vs. BUCKLES—GALE INTERVENING.*

APPEAL FROM THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT.

Where mutual accounts exist between the consignor and consignee, the latter has no lien upon the goods attached in his hands, unless there be proof of a balance in his favour at the time of the attachment.

The plaintiff, in this case, attached 250 coils of bale rope, alleging it the property of J. C. Buckles, a non-resident. L. H. Gale, the consignee of the rope, intervened, alleging a lien on it for balances, no liquidation of accounts was shewn, leaving a balance in favour of Gale, at the time of

Z2

RUSSELL ET AL
*vs.*
BUCKLES.

*Where mutual accounts exist between the consignor and consignee the latter has no lien upon the goods attached in his hands, unless there be proof of a balance in his hands at the time of the attachment.*

the attachment. There was judgment for the plaintiff, and the intervening party appealed.

*Hennen,* for appellant.

1. The consignee has a privilege on the goods consigned for his advances, even before their arrival, if a bill of lading has been despatched to him.—*C. C.* 3214.—*Code de Commerce,* 93.—*Dufour's Code de Commerce, vol.* 1, *page* 112.—*Delvencour Droit Com.* 1, *p.* 53.

2. The consignee's privilege attaches from the day the goods leave the store of the consignor.—*Pardessus, v.* 4, *p.* 357–8.

*Martin, J.,* delivered the opinion of the court.

This is an attachment case. Gale intervened and claimed a quantity of bale ropes, part of the property attached, which had been consigned to him by the insolvent, who was indebted to him. His claim was disallowed, and he appealed.

The district judge concluded from the evidence that the consignor and consignee made mutual shipments to each other. Their accounts were unliquidated at the time of the shipment: the evidence does not show on whose side the balance was.

The counsel for the intervening party has urged in this court, that the consignee has a privilege on the goods consigned, for his advances, even before their arrival, if a bill of lading has been dispatched to him.—*Civil Code,* 3214. —*French Code of Commerce,* 93.—1, *Dufour on Code de Commerce,* 112.—1, *Delvencourt Droit de Commerce,* 53. —The consignee's privilege attaches from the time the goods came into the consignor's store.—4, *Par.* 357–8.—1, *Locre,* 467.—Without admitting or denying the doctrines contained in these authorities.

The plaintiff's counsel has relied on the absence of any proof of a balance in favour of the intervening party, at the time of the attachment.

On an attentive examination of the evidence, it has not appeared to us the District Court erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.